## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JERMAINE MARTIN      **FILED**      CIVIL ACTION

v.      JUL 1 1 2014

TOYS "R" US      MICHAEL E. KUNZ, Clerk    NO. 14-4127
By_____Dep. Clerk

### MEMORANDUM

STENGEL, J.                         JULY // , 2014

        Plaintiff Jermaine Martin brings this action against Toys "R" Us, pursuant to Title VII.
He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff
leave to proceed *in forma pauperis* and dismiss his complaint without prejudice to him filing an
amended complaint.

### I.    FACTS

        Plaintiff filed this action against Toys "R" Us, his former employer, using the Court's form
complaint for employment discrimination. By marking the appropriate locations on the form
complaint, plaintiff indicated that Toys "R" Us discriminated against him based on his race
(African American) and gender (male) by failing to promote him to a supervisory position in
May of 2012. In support of that assertion, plaintiff alleges that he was "denied the [supervisory]
position after management discovered [his] identity." (Compl. at 3.) According to plaintiff,
"prior to [that] discovery, [he] was given a phone interview and a scheduling of a sit down
interview was in progress." (*Id.*) Plaintiff also indicated on the form complaint that he was
subjected to retaliation. The complaint references attached exhibits—a Notice of Right to Sue
Letter dated April 30, 2014, and an informational sheet concerning filing suit under laws

1

enforced by the Equal Employment Opportunity Commission—but does not provide any additional factual allegations in support of plaintiff's claims.

## II.     STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). Accordingly, courts evaluating the viability of a Title VII complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements" in determining whether a plaintiff has stated a plausible claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.     DISCUSSION

To establish a *prima facie* case of employment discrimination under Title VII, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position he sought; (3) he was rejected for the position despite his qualifications, and; (4) the rejection

occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). To establish a *prima facie* case of retaliation, a plaintiff must show that (1) he engaged in activity protected by Title VII; (2) his employer took an adverse action against him; and (3) there was a causal connection between the participation in the protected activity and the adverse employment action. *See Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, he still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted).

Here, plaintiff has not alleged any facts supporting his conclusory allegations that he was denied a promotion because of his race and/or gender, and that his employer retaliated against him. Nothing in the complaint suggests that plaintiff was in any way subject to unlawful retaliation. Furthermore, plaintiff's assertion that he was denied a promotion once management "discovered [his] identity" does not, without more, support a plausible inference that he was rejected for the position because of his race or gender, rather than for a reason having nothing to do with his membership in a protected class. Accordingly, the Court will dismiss the complaint. *See, e.g., Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss."); *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702 (3d Cir. 2010) (affirming dismissal of complaint for failure to state a claim when plaintiff "offered no factual allegations to bolster her legal conclusions"). Although the complaint does not state a claim as currently pled, the Court will give plaintiff leave to file an

3

amended complaint in the event that he can cure any of the above deficiencies. *See Grayson v.*
*Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## IV.    CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed without prejudice to his
filing an amended complaint.  An appropriate order follows.